**ZHENG ZHOU, a.k.a. Chou Cheng, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 04–3157–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney, Northern District of Illinois, Craig

Oswald, Jonathan C. Haile, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Zheng Zhou, a native and citizen of China, seeks review of the May 20, 2004 order of the BIA affirming the October 12, 2000 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zheng Zhou*, No. A77 914 011 (B.I.A. May 20, 2004), *aff'g* No. A77 914 011 (Immig. Ct. N.Y. City Oct. 12, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues its own independent decision and does not adopt the IJ's decision, we review the decision of the BIA alone. *See Belortaja v. Gonzales*, 484 F.3d 619, 623 (2d Cir.2007) (quoting *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir.2005)). "We review *de novo* . . . findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact." *Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Although an alien may establish eligibility for asylum by demonstrating "other resistance" to a coercive population control program, he or she must also show past persecution or a well-founded fear of future persecution on account of such resistance. *See* 8 U.S.C. § 1101(a)(42); *In re S–L–L–*, 24 I. & N. Dec. 1, 10 (B.I.A.2006).

■ Here, the BIA properly found that while Zhou's letter to the family planning authorities constituted "resistance" to China's planned birth policy, Zhou had not demonstrated past persecution. Zhou is not eligible for asylum based on his mother's forced sterilization. *See Shao Yan Chen v. U.S. Dep't of Justice*, 417 F.3d 303, 305 (2d Cir.2005) (per curiam). With respect to the fine imposed on his mother, while it is true that in certain cases the imposition of an exorbitant fine can constitute a substantial economic disadvantage amounting to persecution, *see In re T–Z–*, 24 I. & N. Dec. 163, 171–74 (B.I.A.2007), Zhou has not demonstrated that any harm that resulted from the fine could constitute persecution of him. Finally, the visit by police to Zhou's home after authorities received his letter cannot be characterized as anything other than "mere harassment," since the police made no threats to Zhou's life or freedom and he was not harmed in any way. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006).

■ The BIA also properly concluded that Zhou had not demonstrated a well-founded fear of future persecution. The BIA cited and applied the appropriate regulation governing the standard of proof for a well-founded fear of persecution, 8

C.F.R. § 1208.13(b), and nothing in the decision suggests that the BIA demanded that Zhou show anything more than the requisite "reasonable possibility" of persecution, *id.* § 1208.13(b)(2)(i)(B). Although Zhou asserts that the BIA disregarded the country reports he offered as corroboration, the decision reflects that the BIA considered the country conditions materials in the record. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006). Indeed, the BIA specifically noted that these materials showed that the Chinese government is intolerant of dissent. The BIA reasonably determined, however, that since Zhou was not a member of the classes of people explicitly mentioned in the country reports—e.g., prominent political dissidents, union leaders, and journalists—the country reports did not support Zhou's claim that he, or other people in his particular circumstances, would face a reasonable possibility of persecution. *See* 8 C.F.R. § 1208.13(b). The country reports' general discussion of the Chinese government's intolerance of dissent is insufficient to support Zhou's claim that he is likely to be persecuted on account of his political opinion. *See Diallo v. INS,* 232 F.3d 279, 284 (2d Cir.2000); *see also Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 71–72 (2d Cir.2002). Therefore, the BIA properly concluded that Zhou's fear of persecution was essentially speculative. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005) (per curiam).

■ As Zhou failed to meet his burden of proof for asylum, and as his withholding claim is premised on the same facts, he has failed to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Regarding Zhou's CAT claim, even though he did not raise it in his brief before the BIA, its decision to explicitly address that claim excuses his failure to exhaust it. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006) (per curiam). Nevertheless, the BIA properly concluded that there was insufficient evidence to support the CAT claim. To obtain relief under CAT, an applicant must demonstrate that he or she would more likely than not be tortured if returned. *See* 8 C.F.R. §§ 1208.16(c), 1208.17. Although Zhou argues that the record clearly establishes that he is entitled to relief under the CAT, he does not point to any particular evidence to support this assertion. In any event, general evidence in the record that torture sometimes occurs in China is insufficient to establish a likelihood that he would face torture. *See Mu Xiang Lin,* 432 F.3d at 159–60.

For the foregoing reasons, the petition for review is DENIED. Petitioner's pending motion for a stay of removal in this petition is DENIED as moot.